1  DENNIS M. GRADY, Bar No. 118461
   GRADY AND ASSOCIATES
2  3517 Camino Del Rio South, Suite 400
   San Diego, California  92108
3  Telephone:  (619) 528-2530

4

**FILED**

NOV 1 5 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          *RO* DEPUTY

5  Attorneys for Plaintiff, NICENA MOLINA

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                    '07 CV 2188    J    CAB

11  NICENA MOLINA,                  )  Case No.:
                                    )
12              Plaintiff,          )  COMPLAINT FOR
                                    )  (1) DISABILITY DISCRIMINATION
13  v.                              )  IN VIOLATION OF THE
                                    )  VOCATIONAL REHABILITATION ACT
14  JOHN E. POTTER, POSTMASTER      )  OF 1973 INCLUDING FAILURE TO
    GENERAL OF THE UNITED STATES    )  CONTINUE TO ACCOMMODATE
15  POSTAL SERVICE                  )  PLAINTIFF'S DISABILITY;
                                    )  (2) AGE DISCRIMINATION IN
16              Defendant.          )  VIOLATION OF THE AGE
                                    )  DISCRIMINATION IN EMPLOYMENT
17                                  )  ACT, 29 U.S.C. §621-634;
                                    )  (3) VIOLATION OF RESTORATION
18                                  )  RIGHTS OF A PARTIALLY
                                    )  RECOVERED EMPLOYEE FOUND IN 5
19  _____  )  C.F.R. §353.301(d)
                                    )
20                                     JURY TRIAL DEMANDED

21      Plaintiff complains and alleges as follows:

22                    <u>JURISDICTION</u>

23      1.  This court has jurisdiction under the Vocational

24  Rehabilitation Act of 1973, 29 U.S.C. §621-634 and 5 U.S.C.

25  §7703(c)(1), for continuing disability discrimination and age

26  discrimination.  Plaintiff requests a trial de novo regarding her

27  age and disability discrimination claims and judicial review of

28  the MSPB decision denying her request for restoration based on 5

1  U.S.C. §7703(c)(1) (arbitrary, capricious, an abuse of

2  discretion, or otherwise not in accordance with law).

3                              **VENUE**

4       2.  Venue is proper in the Southern District of California.

5  This is the judicial district in which the unlawful employment

6  practices occurred and in which relevant employment records are

7  maintained and administered.

8                             **PARTIES**

9       3.  Plaintiff NICENA MOLINA is, and at all times relevant

10  hereto has been, a resident of the State of California, County of

11  San Diego.

12       4.  Defendant, JOHN E. POTTER, is the Postmaster General of

13  the United States and is sued in that capacity as head of the

14  United States Postal Service ("USPS").

15                 **FACTS COMMON TO ALL CLAIMS**

16       5.  Plaintiff worked for the USPS for 22 years and was a

17  loyal and dedicated employee as a mail processor clerk.

18  Plaintiff was disabled on the job, originally in 1998, with

19  problems in her shoulders.  Her conditions are disabilities

20  within the meaning of the Vocational Rehabilitation Act of 1973.

21  She is 52 years old.

22       6.  After her disabilities arose, Plaintiff was placed in a

23  mail processor job with accommodation.  She performed this job

24  satisfactorily.  There was no undue hardship to USPS.

25       7.  Plaintiff received a letter dated February 23, 2006 from

26  USPS stating that it was placing her on the National

27  Reassessment/Outplacement Program, although the face of the

28  letter states it was hand delivered by supervisor Dale Stone on

1 | March 2, 2006.

2 |     8.  This is a program from USPS whereby at least some

3 | rehabilitation and limited duty assignments in the San Diego City

4 | are allegedly reassessed.

5 |     9.  Another letter, dated March 2, 2006, from Charles Sweet,

6 | Senior, Manager Distribution Operations vaguely states

7 | Plaintiff's assignment did not meet the "operational requirements

8 | of the Postal Service."

9 |     10.  On March 2, 2006, Plaintiff was given, along with the

10 | letters from Charles Sweet and Dale Stone, a U.S. Department of

11 | Labor form, Notice of Recurrence.  The form states that the

12 | "recurrence is the result of USPS withdrawal of rehab

13 | assignment."

14 |     11.  Plaintiff's last day of work was March 2, 2006.

15 |     12.  Despite her disability, Plaintiff is fully capable of

16 | performing the function of the mail processor position she held

17 | with accommodation since 1998, and no doubt other positions.

18 |     13.   Plaintiff has timely and properly exhausted her

19 | administrative remedies.

20 | **FIRST CLAIM**

21 | **(Disability Discrimination In Violation of The Vocational**
   | **Rehabilitation Act of 1973 Including Failure to Continue to**
22 | **Accommodate Plaintiff's Disability)**

23 |

24 |     14.  Plaintiff hereby realleges and incorporates by

25 | reference herein each and every preceding paragraph of this

26 | complaint.

27 | ///

28 | ///

---

3

COMPLAINT

15.   Plaintiff was at all times material hereto, an employee covered by the Vocational Rehabilitation Act of 1973 prohibiting discrimination in employment on the basis of disabilities and requiring accommodation of disabled employees.

16.   Defendant was and is at all times material hereto, an employer within the meaning of the Vocational Rehabilitation Act.

17.   Plaintiff's conditions are disabilities within the meaning of the Vocational Rehabilitation Act of 1973. Furthermore, defendant has at all times relevant hereto regarded plaintiff as having such disabilities, and she has a record of having such disabilities.

18.   Defendant has discriminated against Plaintiff on the basis of her disabilities in violation the Vocational Rehabilitation Act and failure to continue to accommodate her disabilities.

19.   As a proximate result of Defendant's discrimination against Plaintiff and failure to continue to accommodate her, she has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment and in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

20.   As a result of Defendant's discriminatory acts and failure to continue to accommodate her, Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

///

///

1                                 **SECOND CLAIM**

2      **(Age Discrimination In Violation of the Age Discrimination in**
                    **Employment Act, 29 U.S.C. §621-634)**

3

4         21.  Plaintiff hereby realleges, and incorporates by

5 reference herein, each and every preceding paragraph of this

6 complaint.

7         22.  Plaintiff was at all times material hereto an

8 individual protected by the application of the Age Discrimination

9 in Employment Act, 29 U.S.C. §§ 623, 631(a), prohibiting

10 discrimination in employment on the basis of age.

11         23.  Defendant is, and at all times material hereto was, an

12 employer within the meaning of the ADEA, U.S.C. §630 (b) and, as

13 such, is barred from discriminating in employment decisions on

14 the basis of age as set forth in the ADEA.

15         24.  Plaintiff is a person who at all times relevant was

16 over forty (40) years of age.

17         25.  Defendant discriminated against Plaintiff on the basis

18 of her age in violation the ADEA by engaging in a course of

19 conduct including, but not limited to, at least some of the acts

20 set forth above.

21         26.  As a proximate result of Defendants' discrimination

22 against Plaintiff, she has suffered, and continues to suffer,

23 substantial losses in earnings, bonuses, deferred compensation,

24 retirement benefits, and other employment benefits and has

25 suffered and continues to suffer embarrassment, humiliation and

26 mental anguish all to her damage in an amount according to proof.

27 ///

28 ///

1    27.  Defendant's discriminatory acts against Plaintiff,

2  which violated the ADEA, were willful, and an award of liquidated

3  damages, to the extent allowed by law in an amount at least equal

4  to the award of monetary damages due to Plaintiff from Defendant

5  is appropriate in this case as provided by the ADEA.

6    28.  As a result of Defendant's discriminatory acts as

7  alleged herein, Plaintiff is entitled to reasonable attorneys'

8  fees and costs of suit as provided by the ADEA.

9                         **THIRD CLAIM**

10   **(Violation of Restoration Rights of a Partially Recovered
   Employee Found in 5 C.F.R. §353.301(d))**

11

12   29.  Plaintiff hereby realleges, and incorporates by

13  reference herein, each and every preceding paragraph of this

14  complaint.

15   30.  Assuming _arguendo_ that Plaintiff at the time of her

16  discharge on or about March 2, 2007 could not perform the

17  essential functions of her position with USPS, she later became a

18  partially recovered employee under 5 C.F.R. §353.102.

19   31.  Assuming _arguendo_ that Plaintiff's request to USPS to

20  get her job back was a requested restoration to her former

21  employment position, under 5 C.F.R. §353.301(d) Defendant has

22  denied Plaintiff a restoration to her position with the United

23  States Postal Service.

24   32.  Plaintiff requests a judicial review of the Merit

25  Systems Protection Board's decision pursuant to 5 U.S.C.

26  §7703(c)(1) denying her restoration.

27  ///

28  ///

1      WHEREFORE, Plaintiff requests relief as hereinafter
2  provided.

3      WHEREFORE, Plaintiff requests relief as follows:

4      1.    For damages according to proof including lost pay, and
5  lost employee benefits;

6      2.    For further damages as allowed by law for losses
7  resulting from humiliation, mental anguish, and emotional
8  distress;

9      3.    For interest on the amount of losses incurred in
10  earnings, deferred compensation and other employee benefits at
11  the prevailing rates;

12      4.    For reinstatement and/or restoration to her previous
13  USPS employment position with full backpay, seniority, and
14  benefits;

15      5.    For a posting of discrimination in Plaintiff's former
16  workplace and/or that the responsible officials be given remedial
17  training;

18      6.    For costs of suit including reasonable attorneys fees;

19      7.    For punitive damages and/or liquidated damages to the
20  extent allowed by law; and

21      8.    For such other proper and further relief as the Court
22  may deem proper.

23                              Respectfully submitted,
                                GRADY AND ASSOCIATES
24

25
   DATED: November 5, 2007      By: _____
26                                 Dennis M. Grady, Esq.
                                   Attorney for Plaintiff,
27                                 NICENA MOLINA

28

1

**REQUEST FOR JURY TRIAL**

2

3      Plaintiff hereby requests a jury trial.

4

DATED: November 5, 2007        By: _____
5                                    Dennis M. Grady, Esq.
6                                    Attorney for Plaintiff,
                                     NICENA MOLINA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

NOV 15 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
Nicena Molina

## DEFENDANTS
John E. Potter, Postmaster General of the United States Postal Service

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dennis M. Grady, GRADY AND ASSOCIATES, (619) 528-2530
3517 Camino Del Rio S., Ste. 400, San Diego, CA 92108

Attorneys (If Known)

'07 CV 2188 J CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violation of the Vocational Rehabilitation Act of 1973, 29 U.S.C. Sec. 621-634 and 5 C.F.R. Sec. 353.301(d)
Brief description of cause:
Disability Discrimination, Failure to Accommodate, Age Discrimination, Violation of Restoration Rights, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
11/15/2007

SIGNATURE OF ATTORNEY OF RECORD
Dennis M. Grady

FOR OFFICE USE ONLY

RECEIPT # 144562   AMOUNT $350   11/16/07 BA   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144562    — BH
* * C O P Y * *
November 16, 2007**
08:41:26

**Civ Fil Non-Pris**
USAO #.: 07CV2188 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC# 3210

**Total—>   $350.00**

FROM: MOLINA V. POTTER
      CIVIL FILING